# Exhibit "C"

This case has been designated as an eFiling case. To review a copy of the
Notice of Mandatory eFiling visit www.oakgov.com/clerkrod/efiling.

## STATE OF MICHIGAN

### IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

**SHAWN MCCARTHY**, an individual,

   Plaintiff,

—vs—

**WALMART** Stores, Inc.

   Defendant.

**SHAWN McCARTHY, Pro Se**
**21140 Woodland Glen Drive #103**
**Northville, MI  48167**
**(248) 982 - 2347**
shawnmccarthy37@gmail.com

2015-148727-CD
JUDGE DANIEL OBRIEN

Case No.: 15-  -CD
Hon.

### COMPLAINT AND DEMAND FOR JURY TRIAL

  Plaintiff **Shawn McCarthy** for her Complaint and Demand for Jury Trial against

Defendant **Wal-Mart** Stores, Inc.states as follows:

## Parties and Jurisdiction

1.      This is an action for violation of Michigan's Whistleblowers Protection Act, MCL § 15.361.

2.      Plaintiff Shawn McCarthy is a resident of Northville in Oakland County, Michigan.

3.      Defendant Wal-Mart Stores, Inc.  maintains a place of business in Oakland County, Michigan.

4.      The events giving rise to this Complaint occurred in Oakland County, Michigan.

5.      Venue in this Court is proper as the amount in controversy is in excess of $25,000.00.

## Statement of Facts

6.      Plaintiff was employed by Defendant for more than five years.

7.      At all times during her employment with Defendant, Plaintiff's performance was satisfactory or better.

8.      On several occasions in 2015, Plaintiff was unlawfully touched by her manager.

9.      Plaintiff complained about this to Defendant.

10.     On or about April 23, 2015 Plaintiff filed a complaint with the Novi Police Department about the unlawful touching.

11.     Thereafter, the Novi Police Department came to Defendant's Novi store and phoned the Store Manager about Plaintiff's complaint.

2

12.     On May 24, 2015, Plaintiff was terminated in retaliation for her complaint to the Novi Police Department.

## COUNT I
### Violation of Michigan Whistleblower Protection Act

13.     Plaintiff realleges all prior paragraphs as if they were fully set forth herein.

14.     Plaintiff was an employee, and Defendant was her employer, and are covered by and within the meaning of the Whistleblower's Protection Act, MCL § 16.361 *et seq.*("WPA").

15.     Defendant subjected Plaintiff to retaliatory harassment, including but not limited to terminating her employment, because Plaintiff reported violations or suspected violations of law, regulations, or rules promulgated pursuant to law to a public body.

16.     The violations or suspected violations of law that Plaintiff was about to report included, but were unlawful touching of another person.

17.     The retaliatory conduct of Defendant and its agents violated the WPA.

18.     Defendant directed and/or condoned the retaliatory harassment and adverse employment actions.

19.     The actions of Defendant, their agents, representatives, and employees were intentional, wanton, willful, malicious and taken in bad faith, in deliberate disregard of and with reckless indifference to the rights and sensibilities of Plaintiff.

20.     As a direct and proximate result of Defendant's actions, the terms, conditions, and privileges of Plaintiff's employment were adversely affected, and Plaintiff was terminated.

3

21.     As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has suffered injuries and damages including but not limited to: loss of career opportunities; loss of fringe and pension benefits; mental anguish; anxiety about her future; physical and emotional distress; humiliation and embarrassment; loss of professional reputation; damage to her good name and reputation; and loss of the ordinary pleasures of everyday life, including the right to pursue gainful employment of her choice.

### RELIEF REQUESTED

For all the foregoing reasons, Plaintiff demands judgement against Defendant as follows:

**A.     LEGAL RELIEF**

1.      Compensatory Damages in whatever amount above Twenty Five Thousand Dollars ($25,000) he is found to be entitled;

2.      Exemplary damages in whatever amount above Twenty Five Thousand Dollars ($25,000) he is found to be entitled;

3.      An award of interest, costs, and reasonable attorney fees.

**B.     EQUITABLE RELIEF**

1.      An injunction out of this Court prohibiting any further acts of wrongdoing;

2.      An award of interest, costs, and reasonable attorney fees; and,

3.      Whatever other equitable relief appears appropriate at the time of final judgment.

**SHAWN MCCARTHY, Pro Se**

**21140 Woodland Glen Drive #103**
**Northville, MI  48167**
**(248) 982 - 2347**
**shawnmccarthy37@gmail.com**

4

## <u>JURY DEMAND</u>

Plaintiff demands a trial by jury of all the issues in this cause.

SHAWN MCCARTHY, Pro Se

21140 Woodland Glen Drive #103
Northville, MI  48167
(248) 982 - 2347
shawnmccarthy37@gmail.com

5