UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

S<small>HAWN</small> M<small>C</small>C<small>ARTHY</small>,

Plaintiff,

v.

W<small>AL</small>-M<small>ART</small> S<small>TORES</small> E<small>AST</small>, L.P.,

Defendant.
_____/

Case No. 15-cv-14381

U<small>NITED</small> S<small>TATES</small> D<small>ISTRICT</small> C<small>OURT</small> J<small>UDGE</small>
G<small>ERSHWIN</small> A. D<small>RAIN</small>

U<small>NITED</small> S<small>TATES</small> M<small>AGISTRATE</small> J<small>UDGE</small>
M<small>ONA</small> K. M<small>AJZOUB</small>

**O<small>PINION AND</small> O<small>RDER</small> G<small>RANTING</small> D<small>EFENDANT'S</small> M<small>OTION TO</small> D<small>ISMISS</small> [3]**

### I.   I<small>NTRODUCTION</small>

On August 24, 2015, Plaintiff Shawn McCarthy ("Plaintiff") brought suit in Oakland County Circuit Court against Wal-Mart Stores, Inc. ("Defendant" or "Wal-Mart") under Michigan's Whistleblower Protection Act ("WPA"). *See* M<small>ICH</small>. C<small>OMP</small>. L<small>AWS</small> § 15.361 *et seq*. The Plaintiff claimed she was terminated in retaliation for reporting her manager to the police for allegedly touching her unlawfully. On December 17, 2015, the Defendant removed the action to federal court on the basis of diversity. *See* Dkt. No. 1. On January 7, 2016, the Defendant filed a Motion to Dismiss. *See* Dkt. No. 7.

The Motion is fully briefed. After reviewing the briefing, the Court concludes that oral argument will not aid in the resolution of this matter.

1

Accordingly, the Court will resolve the Motion on the briefs as submitted. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons discussed below, the Court **GRANTS** the Defendant's Motion.

## II. BACKGROUND

Plaintiff Shawn McCarthy is a former employee of Wal-Mart. On April 23, 2015, McCarthy filed a report with the Novi Police Department, claiming her manager "unlawfully touched" her. *See* Dkt. No. 1 (Exhibit 4, Pg. ID No. 15). Wal-Mart fired her on May 24, 2015. *Id.* The Plaintiff then filed a *pro se* WPA claim alleging retaliatory termination in Oakland County Circuit Court on August 24, 2015. *Id.* at 4–5 (Pg. ID No. 16–17); *see also* MICH. COMP. LAWS § 15.361 *et seq*. McCarthy filed her action on the last day of the WPA statute of limitations period. *See* Dkt. No. 3 at 5–6 (Pg. ID No. 29–30); *see also* MICH. COMP. LAWS § 15.363.

On October 31, 2015, the Oakland County Circuit Court issued an Order to Show Cause for failure of service of process. *See* Dkt. No. 3 (Exhibit 1, Pg. ID No. 40). On November 17, 2015, the Plaintiff served the Defendant with her Complaint, but did not serve a summons. *See* Dkt. No. 3 at 8 (Pg. ID No. 32); *see also* Dkt. No. 7 at 10–11 (Pg. ID No. 60–61).

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides that a party may move for dismissal on the basis of failure to state a claim upon which relief can be granted.

In reviewing a 12(b)(6) Motion, a court must accept all of a complaint's allegations as true and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief. *Ziegler v. IBP Hog Mkt.*, 249 F.3d 509, 512 (6th Cir. 2001).

But, "if the allegations, taken as true . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal . . . ." *Jones v. Bock*, 549 U.S. 199, 215 (2007). A party must plead facts in avoidance of the statute of limitations defense when "it is apparent from the face of the complaint that the time limit for bringing the claim has passed." *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 520 (6th Cir. 2008) (quoting *Hoover v. Langston Equip. Assocs., Inc.*, 958 F.2d 742, 744 (6th Cir.1992)).

## IV. DISCUSSION

It is undisputed that the Plaintiff never served a summons upon the Defendant for her initial Complaint filed in Oakland County Circuit Court. *See* Dkt. 7 at 25 (Pg. ID No. 75). The Defendant contends that the Plaintiff's failure to serve the summons resulted in the automatic dismissal of her claim. *See* Dkt. 3 at 10–11 (Pg. ID. No. 34–35). The Defendant further contends that the statute of limitations period has lapsed and the Plaintiff's claim is time-barred. *See* Dkt. 3 at 11–13 (Pg. ID No. 35–37).

The Plaintiff contends her claim was never automatically dismissed in Oakland County Circuit Court because that court did not issue a summons. *See* Dkt. 7 at 15, (Pg. ID No. 65). The Plaintiff further argues that because her claim was not automatically dismissed, her claim is therefore not barred. *See* Dkt. 7 at 23 (Pg. ID No. 73). Moreover, the Plaintiff asserts that she is entitled to equitable tolling because the Oakland County Circuit Court allegedly failed to issue a summons, particularly where the Plaintiff acted *pro se*. *See* Dkt. 7 at 24–25 (Pg. ID No. 74–75). The Court will discuss each issue in turn.

 a. *Automatic Dismissal*

The Defendant contends the Plaintiff was required to serve the Defendant with a summons within ninety-one days of filing her Complaint. *See* MICH. CT. RULE 2.102(D). The Defendant argues when the Plaintiff failed to timely serve process, her claim was automatically dismissed. *See* MICH. CT. RULE 2.102(E)(2). The Defendant further contends since the Plaintiff filed her claim on the last day of the statute of limitations period for the WPA, the limitations period for the Plaintiff's claim lapsed upon dismissal. *See* MICH. COMP. LAWS § 15.363 (1983), *see also* MICH. COMP. LAWS § 600.5856 (2004).

In support of its Motion, the Defendant cites *Blaha v. A.H. Robins and Co.*, which held a federal court sitting in diversity is required to apply state service requirements integral to the state's statute of limitations. 708 F.2d 238, 239 (6th

4

Cir. 1983). The district court in *Blaha* dismissed the plaintiff's case under the Michigan Court Rules for failure of service of process, and the plaintiff appealed. *Id.* at 238. The Sixth Circuit affirmed, holding a Michigan court rule requiring automatic dismissal of actions in which "service was not made within [the statutory period] must be applied by a federal court sitting in diversity." *Id.* The Sixth Circuit further held "there is simply no reason, in the absence of a controlling federal rule, an action based on state law which would concededly be barred in the state courts by the state statute of limitations should be" litigated to judgment in federal court. *Id.* at 240 (quoting *Walker v. Armco Steel Corp.*, 446 U.S. 740, 753 (1980)).

This Court considered *Blaha* when it considered *Moore v. Fed. Express Freight, Inc.*, 2014 U.S. Dist. LEXIS 152390 14–11875 *1–12 (E.D. Mich. Oct. 28, 2014). The *Moore* court found the defendant was entitled to dismissal under MICH. CT. RULE 2.102(D). *Id.* at *2. The *Moore* court found that because the plaintiff had failed to timely serve FedEx Freight, his action had been automatically dismissed. *Id.* at *8 ("Under Michigan law, the statute of limitations is not tolled upon the filing of the complaint *unless* the summons and a copy of the complaint are served on the defendant within the time set forth in the Michigan Court Rules.") (emphasis in original).

The Michigan Court Rules require a party to serve a summons within ninety-one days of filing a complaint. *See* MICH. CT. RULE 2.102(D). Subsection 2.102(D) further requires a showing of due diligence by a plaintiff to attempt service for a court to extend a summons. *Id*. Subsection 2.102(D) was amended to adopt the holding of *Bush v. Beemer*, 224 Mich. App. 457, 462 (1997). *See* MICH. COMP. LAWS ANN., STAFF CMT. TO MICH. CT. RULE 2.102(D). In *Bush*, the court denied a plaintiff a second summons, despite the plaintiff petitioning for a second summons within the ninety-one day expiration period, because she had not shown due diligence in attempting service of process. *Bush*, 224 Mich. App. at 460. The Court of Appeals affirmed, holding "that due diligence under MCR 2.102(D) means diligent efforts in *trying to serve process*, not diligence in matters logically preceding the decision to serve process." *Id*. at 464 (emphasis in original).

Here, the Plaintiff provides no basis to excuse her requirement to serve process merely because a summons is not issued by a court. *Moore*, 2014 U.S. Dist. LEXIS 152390 at *8. Nor does she show that she acted in due diligence in trying to serve process. *Bush*, 224 Mich. App. at 462. Therefore, her claim was automatically dismissed. *See* MICH. CT. RULE 2.102(E)(2)–(3).

b. *Equitable Tolling*

The Plaintiff contends that she is entitled to equitable tolling because of the "unusual circumstance" of the Oakland County Circuit Court Clerk failing to issue

a summons. *See* Dkt. 7 at 8 (Pg. ID No. 58) (citing *Al-Shimmari v. Detroit Med. Ctr.*, 731 N.W.2d 29, 36 n. 9 (Mich. 2007)). This argument is without merit.

Under Michigan law, equitable tolling is a "rarely invoked" doctrine. *Mazumder v. Univ. of Mich. Regents*, 270 Mich. App. 42, 61 (2006) (rev'd on procedural grounds by *Mazumder v. Univ. of Mich. Regents*, 480 Mich. 1045, 1046 (2008)). The Court of Appeals in *Mazumder* found "an element of equitable tolling is that a plaintiff must exercise reasonable diligence in investigating and bringing his claim." 270 Mich. App. at 61 (quoting *Ward v. Rooney-Gandy,* 265 Mich.App. 515, 517–520 (2005)).

Here, the Oakland County Circuit Court issued a show cause order on the Plaintiff for failure to serve process. *See* Dkt. 3 (Exhibit 1, Pg. ID No. 40). The Plaintiff fails to provide a reason why she did not serve process after receiving notice of her requirement to do so. The Court therefore finds that the Plaintiff has not shown she exercised reasonable diligence in bringing her claim. *Mazumder*, 270 Mich. App. at 61.

The Plaintiff also contends she is entitled to a degree of leniency concerning her claim of equitable tolling because she initiated her claim in *pro per*. *See* Dkt. 7 at 25 (Pg. ID No. 75) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972) and *Hunt v. Shalala*, 194 F.3d 1312 (6th Cir. 1999)). However, a *pro se* plaintiff is not entitled to leniency over a procedural requirement that a layperson can understand

7

as easily as a lawyer. *Hunt*, 194 F.3d at 1312. The Plaintiff has failed to show that MICH. CT. RULE 2.102 is not as easily understandable to a *pro se* plaintiff as to an attorney. The Court therefore will not treat the Plaintiff to a more lenient standard. *Hunt*, 194 F.3d at 1312; *see also Jacobsen v. Filler*, 790 F.2d 1362, 1364 (6th Cir. 1986) (holding "*pro se* litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record.").

Where the Plaintiff is not entitled to a more lenient standard due to her *pro se* status, the Court applies the standard of a party represented by counsel. As stated above, a party represented by counsel must show due diligence in complying with MICH. CT. RULE 2.102. *Bush*, 224 Mich. App. at 466 ("Even assuming that plaintiff sought new counsel at some point, there was no reason why neither counsel attempted to serve defendants."). Having already found that Plaintiff failed to exercise reasonable diligence, the Court determines that the Plaintiff is therefore not entitled to equitable tolling.

### V.   CONCLUSION

For the reasons stated above, the Defendant's Motion [3] is **GRANTED**, and the case is **DISMISSED WITH PREJUDICED**.

IT IS SO ORDERED.

Dated: August 4, 2016                              s/Gershwin A. Drain
                                                    GERSHWIN A. DRAIN
                                                    United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on **August 4, 2016.**

>s/Shawna Burns on behalf of Tanya R. Bankston
>TANYA R. BANKSTON
>Case Manager & Deputy Clerk